UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIM BOWEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| MEMORIAL HERMANN | § | |
| MEDICAL GROUP, | § | Civil Action No.: 4:25-cv-6033 |
| | § | |
| MEMORIAL HERMANN | § | |
| HEALTH SYSTEM, | § | |
| | § | **JURY TRIAL** |
| & | § | **DEMANDED** |
| | § | |
| L J ROSS ASSOCIATES, INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## COMPLAINT

Tim Bowen, Plaintiff ("Plaintiff" or "Mr. Bowen"), by and through undersigned counsel, respectfully files his Complaint against the Defendants, Memorial Hermann Medical Group ("MHMG"), Memorial Hermann Health System ("MHHS") (collectively "Original Creditor Defendants"), and LJ Ross Associates ("LJ Ross" or "Third Party Debt Collector Defendant") (collectively, "All Defendants" or "Defendants"), under either the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") or the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392. *et seq.*,

1

("TDCA"), or both, to obtain actual damages, statutory damages, injunctive relief, costs, and a reasonable attorney's fee for the Defendants' violations of the law.

1. Plaintiff suffered a work-related injury in January 2024 which required hospitalization in both January 2024 and March 2024. Because of the medical treatments, medical debts were incurred directly related to his work-related injuries.

2. But importantly, Texas Workers' Compensation Law specifically shields Texas workers from any liability for medical debt expenses incurred because of an injury sustained in the course and scope of employment before "final adjudication." *See* Tex. Lab. Code. Ann. § 413.042(a); Texas Workers Compensation Rules § 133.20(k) ("A health care provider **shall not** submit a medical bill to an injured employee for all or part of the charge for any of the health care provided, **except as an informational copy clearly indicated on the bill**, ... The information copy **shall not request payment.**").

3. Consequently, the Defendants here were <u>not</u> permitted to attempt to collect and demand payment from Plaintiff under the Texas Workers' Compensation Statutes and Rules. But they did.

4. The Third-Party Debt Collector Defendant violated both the TDCA and FDCPA by sending Plaintiff debt collection dunning letters which related to medical services provided pursuant to workplace injuries that he suffered and demanded payment.

5. All Defendants violated the TDCA by sending Plaintiff debt collection dunning letters or statements of account bills which related to medical services provided pursuant to workplace injuries that he suffered and demanded payment.

## JURISDICTION & VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce...") and 15 U.S.C. § 1692k (FDCPA) (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

7. The Court also has supplemental jurisdiction over the TDCA state law claims under 28 U.S.C. § 1367.

8. Venue is proper in this judicial district because All Defendants engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

A.  Plaintiff

9. Plaintiff, Tim Bowen, is a natural person over the age of 18 years and is a resident of Brazoria County, Texas. Plaintiff is a "consumer" as defined in the TDCA. *See* Tex. Fin. Code Ann. § 392.001(1).

B.     Original Creditor Defendants

10.     Defendant, Memorial Hermann Medical Group ("MHMG)") has its residence located at 909 Frostwood Dr. Floor 2, Houston, TX 77024-2307 and its registered agent is C T Corporation 1999 Bryant Street, Suite 900 Dallas, TX 75201-3140. MHMG is a "debt collector" as that term is defined by the Tex. Fin. Code Ann. § 392.001(6). MHMG is also a "creditor" under the TDCA. A "Creditor means a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." Tex. Fin. Code Ann. § 392.001(3). MHMG is also a "debt collector" as that term is defined by the Tex. Fin. Code Ann. § 392.001(6).

11.     Defendant Memorial Hermann Healthcare System ("Memorial Hermann") is located at 9401 Southwest Fwy., Suite 401, Houston, TX 77074-1407 and its registered agent is C T Corporation 1999 Bryant Street, Suite 900 Dallas, TX 75201-3140. "Memorial Hermann" is a "debt collector" as that term is defined by the Tex. Fin. Code Ann. § 392.001(6). Memorial Hermann is also a "creditor" under the TDCA. A "Creditor means a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." Tex. Fin. Code Ann. § 392.001(3). Memorial Hermann is also a "debt collector" as that term is defined by the Tex. Fin. Code Ann. § 392.001(6).

C.     Third Party Debt Collector Defendant

12.     Defendant L J Ross Associates, Inc. ("L J Ross") is located at 4 Universal Way, Jackson, MI 49202-1455, and its registered agent is Corporation Service Company DBA CSC – Lawyers, 211 E. 7th St., Suite 620, Austin, TX 78701-3218. LJ

Ross is registered in Texas as a debt collector and is also bonded in Texas by Travelers Casualty and Surety Company of America (File # 20050118; Bond # 775224964TX:). L J Ross is a "debt collector" as that term is defined by the Tex. Fin. Code Ann. § 392.001(6) and also a "third-party debt collector" as that term is defined by the Tex. Fin. Code Ann. § 392.001(7). LJ Ross is also a "debt collector" as defined by the FDCPA. See 15 U.S.C. § 1692a(6).

### PRELIMINARY STATEMENT – FDCPA & TDCA

13. From 1950 to 1971 consumer credit in the United States rose from $21.5 billion to $137.2 billion.[1] By 1972 there were 5,000 debt collection firms across the country, collectively returning some $5 billion in profits.[2]

14. In response to this furious growth and documented abuses, in 1973 the Texas Legislature, citing the need to address unethical debt collection practices and harassment of consumers[3] by "control[ing] and curtail[ing] the practices used in the collection of debts,"[4] enacted the Texas Debt Collection Act ("TDCA").[5]

---

[1] William R. Crow, Jr., Comment, *The Texas Debt Collection Practices Act: Relief for the Harassed Consumer?*, 8 St. Mary's L. J. 773, 773 n.1 (1977).

[2] Matthew W. Ludwig, *Abuse, Harassment, and Deception: How the FDCPA is Failing America's Elderly Debtors*, 16 Elder L. J. 135, 141 (2008).

[3] The Texas Debt Collection Act: Hearings on Tex. S.B. 252 Before the Sen. Comm. on Jurisprudence, 63d Leg., R.S. 4 (Apr. 5, 1973) (comments of Sen. Gammage) (transcript available from the Legislative Reference Library of Texas).

[4] House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

[5] Act of May 22, 1973. 63rd Leg., R.S., ch. 547., Gen & Sp. Laws of Tex. (now codified as Tex. Fin. Code. Ann. § 392 (West 2010)).

15. Similarly, in 1978 Congress took up the issue and the FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" having found "abundant evidence" that such practices were taking place nationwide. 15 U.S.C. § 1692(e); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

16. The Fifth Circuit has opined that Congress "clearly intended the FDCPA to have a broad remedial scope." *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002). The FDCPA "should therefore be construed broadly and in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016).

17. The FDCPA prohibits the use of "**any false, deceptive, or misleading representation or means** in connection with the collection of any debt." *Daugherty*, 836 F.3d at 511-12 (citing and quoting 15 U.S.C. § 1692e); *Manuel v. Merchs. & Prof'l Bureau, Inc.*, 956 F.3d 822, 826 (5th Cir. 2020).

18. When deciding whether a debt collection letter violates *Section 1692e*, courts view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004).[6] The unsophisticated consumer is "neither shrewd nor experienced in

---

[6] The Fifth Circuit does not recognize a meaningful difference between the "least sophisticated consumer" and the "unsophisticated consumer," and treats the two standards as collectively creating a single standard of review. *See Daugherty*, 836

dealing with creditors[,]" but neither is that consumer "tied to the very last rung on the intelligence or sophistication ladder." *Manuel*, 956 F.3d at 826.

19.     The TDCA applies to debt collectors, *i.e.*, anyone who collects debts, including creditors.[7] The Texas Supreme Court found that a "review of its history indicates that the [Texas] Legislature passed the [Texas] Debt Collection Act to prevent **creditors** from preying on a consumer's fears and ignorance of the law to pursue allegedly delinquent debts." *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986) (bold emphasis added); *See also, Dixon v. Brooks*, 604 S.W.2d 330 (Tex. App.—Houston [14th Dist.] July 9, 1980; and *Monroe v. Frank*, 936 S.W.2d 654, 1996 Tex. App. LEXIS 3756 (Tex. App.—Dallas [5th Dist.] Aug. 16, 1996); *Lamell v. OneWest Bank, FSB, LP*, 485 S.W.3d 53, 62-63 (Tex. App—Houston [14th Dist.] Nov. 17, 2015); *Goswick v. Equifax Info. Servs., LLC*, Case No. SA-22-CV-1204-JKP-ESC, 2023 U.S. Dist. LEXIS 163086 (W.D. Tex. Sept. 14, 2023).

20.     Under the TDCA, the term "debt collector' means a person who directly or indirectly engages in debt collection…" Tex. Fin. Code Ann. § 392.001(6). "Debt collection" means "an action, conduct, or practice in collecting, or in soliciting for

---

F.3d at 511 n. 2 (collapsing the two standards because the difference between to two is "*de minimis* at most"); *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012).

[7] "The TDCA's definition of debt collector is broader than the FDCPA's definition." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722-24 & 727 (5th Cir. 2013) (the Fifth Circuit has ruled that creditors are subject to liability under the TDCA); *See also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208-09 (5th Cir. 1985) (Mortgage servicers and assignees are debt collectors, and therefore are covered, under the TDCA.).

collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5). And the term "Creditor" means "a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." *Id.* at § 392.001(3).

21. Over one-third of debt collection complaints to the CFPB are about attempts **to collect a debt that is not owed** as is the case here. *Fair Debt Collection Practices Act—CFPB Annual Report 2015* at 13 (2015).[8]

22. A portion of such necessary medical treatment and services was provided by both Ascension and AAG.

### THE TEXAS WORKERS' COMPENSATION STATUTE

23. Under section 408.021 of the Texas Workers' Compensation Act, an employee who sustains a compensable injury is entitled to all health care reasonably required by the nature of the injury as and when needed. *See* Tex. Lab. Code. Ann. § 408.021(a).

24. Texas Workers' Compensation Law specifically shields all claimants from liability for expenses incurred because of an injury sustained in the course and scope of employment before such matters are finally adjudicated. *See* Tex. Lab. Code. Ann. § 413.042(a) ("A health care provider may not pursue a private claim against a workers' compensation claimant for all or part of the cost of a health care service

---

[8] http://files.consumerfinance.gov/f/201503_cfpb-fair-debt-collection-practices-act.pdf (last visited December 10, 2025).

8

provided to the claimant by the provider unless: (1) the injury is finally adjudicated not compensable under this subtitle....").

25. Additionally, the Texas Workers' Compensation Rules, § 133.20 (k)-(l), provide that: "(k) A health care provider shall not submit a medical bill to an injured employee for all or part of the charge for any of the health care provided, except as an informational copy clearly indicated on the bill, or in accordance with subsection (l) of this section. **The information copy shall not request payment.**" (emphasis added).[9]

## FACTUAL BACKGROUND

26. On or about January 3, 2024, while working as a CDL Truck Driver, in the course and scope of his employment, Plaintiff suffered an accident and related numerous injuries that required medical treatment and/or services, including hospitalization and surgeries (the "Work Injury").

27. After Plaintiff's Work-Injury, he received certain treatments and medical services from both Memorial Hermann Medical Group and Memorial Hermann Health System at various points from January 2024 through March 2024.

28. Irrespective of the, post-treatment, All Defendants sent numerous debt collection letters or texts to Plaintiff. Those dunning letters and texts improperly demanded payments related to medical services and treatments he received due to his Work-Injury.

---

[9] "(l) The health care provider may only submit a bill for payment to the injured employee in accordance with: (1) Labor Code § 413.042; (2) Insurance Code § 1305.451; or (3) § 134.504 of this title...."

9

### MHHS – $48,908.50 Hospital Bill

29. For example, for hospitalization and surgery which occurred between approximately March 1, 2024 and March 4, 2024, on or about June 7, 2024, MHHS provided a bill to Plaintiff totaling $48,908.50. The total charges amounted to $134,726.55 but MHHS gave him a "Concuity-Worker Comp Disc[ount]" totaling $85,817.75. Clearly, then, MHHS certainly knew or should have known that the care given likely related to his Work-Injury and Plaintiff could not be balance billed $48,908.50 according to Texas law.

### MHMG Dunning Letters

30. In a dunning letter dated July 5, 2024, MHMG informed Plaintiff that his "Balance of $983.77 is past due," after receiving an "Insurance Adjustment," decreasing his amount owed by $486.23 from the "original cost" of $1,470.

### February 27, 2025 Administrative Law Judge Decision

31. On February 27, 2025, Administrative Law Judge, Judy L. Ney, concluded as a matter of law, that Plaintiff's medical treatment occurring from January through March 2024 and associated expenses were all compensable. See Timothy S. Bowen v. Starr Indemnity & Liability Company, Docket Number 24177943-01-CC (TDI – Division of Workers' Compensation, Houston Field Office) 2/27/2025 Decision. This decision was not appealed and became final 10 days later March 9, 2025.

### Five L J Ross Dunning Letters – August 11, 2025

32. Despite the above ruling, MMHS hired L J Ross to collect on allegedly unpaid medical bills related to Plaintiff's March 1-4, 2024 hospitalization. All five bills, each dated August 11, 2025 but listing five different MMHS account numbers and were also for differing amounts.

## TYPES OF RELIEF UNDER THE FDCPA & TDCA

33. Under the FDCPA, 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

34. Under the TDCA, "[a] person may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Tex. Fin. Code Ann. § 392.403(a)(1)-(2).

## INJUNCTIVE RELIEF UNDER THE TDCA

35. Here, Plaintiff is a person who has alleged violations of the TDCA §§ 392.304(a)(8) & 392.304(a)(19) by *falsely representing* the *character* of the debts at issue (*i.e.* Plaintiff has personal responsibility for Work-Injury related debts), as well as by falsely representing the *amount* of the of the debts at issue (*i.e.* Plaintiff owes any amount above $0 for any Work-Injury related debts).

36. Plaintiff seeks to "prevent or restrain" Defendants from all attempts to collect from him as per Tex. Lab. Code. Ann. § 413.042(a). Especially since the final adjudication deemed the medical services performed were in fact covered events.

11

37. A suit under the TDCA may be maintained merely for injunctive relief, without alleging or proving actual damages. *See Marauder Corp. v. Beall*, 301 S.W.3d 817 (Tex. App. - Dallas 2009, reh'g denied) (A TDCA action "may be for actual damages *or* an injunction").

## DAMAGES

38. L J Ross is a debt collector hired by MMHS to collect unpaid amounts related to medical services performed for Plaintiff's Work-Injury.

39. Defendants' unlawful collection practices as alleged throughout herein have caused Plaintiff to suffer emotional and physical harm, including feelings of stress, anger, frustration, doubt, worry, anxiety, embarrassment, helplessness, loss of financial control, fear of monetary loss or loss of property, mistrust of the legal system, as well as other harmful and negative emotions. Plaintiff has also suffered reputational harm.

40. Plaintiff has also spent time, and money on gasoline, by having to drive documents to send to his attorney.[10]

---

[10] *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) ("[T]here is no question that wasted time is a concrete harm . . . ."); *Davis v. Portfolio Recovery Assoc.*, 2021 WL 4133733 (M.D. Fla. Sept. 10, 2021) (post-*Ramirez* decision; time spent consulting attorney because of demand for time-barred debt is concrete harm; consumer also alleged unspecified monetary losses and emotional distress); *Sykes v. Veripro Solutions, Inc.*, 2020 WL 4926547 (N.D. Ill. Aug. 21, 2020) (finding standing where consumer alleged that collection letter misinformed him about character of debt, whether there was enforceable lien on his property, and whether debt could be legally reported to credit agencies, and that as a result he was harassed, aggravated, concerned, and intimidated, and retained counsel); *Keys v. Collection Profs., Inc.*, 2018 WL 1469006 (N.D. Ill. Mar. 26, 2018) (paying for credit report to determine whether collector was adding unauthorized interest is concrete injury).

41. Concerned about the violations of his rights, Plaintiff sought the assistance of counsel to permanently cease Defendants' unlawful collection efforts.

42. Plaintiff has expended time and incurred costs consulting with his attorney because of Defendant's false, deceptive, harassing, and misleading collection efforts.

43. Defendants' harassing and unfair collection conduct has disrupted Plaintiff's daily life and general well-being.

## CAUSES OF ACTION

### COUNT I – L J Ross
### FAIR DEBT COLLECTION PRACTICES ACT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A)

44. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45. Specifically, Section 1692e(2)(A) prohibits a debt collector from using ""any false, deceptive, or misleading representation or means in connection with the collection of any debt," which also includes the false representation of "**the character, amount, or legal status of any debt**." (emphasis added).

### MISREPRESENTATION OF THE DEBT'S "CHARACTER" OR "LEGAL STATUS"

46. LJ Ross violated Section 1692e(2)(A) by violating Tex. Lab. Code. Ann. § 413.042(a) and Texas Workers Compensation Rules § 133.20(k)-(l), specifically by attempting to collect a debt from Plaintiff which, by law, at the time the debt collection letters were sent, he did not owe.

47. LJ Ross made such demands despite its knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Texas law.

48. The Fifth Circuit has ruled that the issue of "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *Manuel*, 956 F.3d at 829; *Daugherty*, 836 F.3d at 511-12. "Debt collectors may not make false claims, period." *Randolph v. IMBS Inc.*, 368 F.3d 726, 730 (7th Cir. 2004).

49. Thus, because LJ Ross was not permitted to attempt to collect from Plaintiff under the Texas Workers' Compensation Statutes, it violated the FDCPA by sending Plaintiff the August 2025 letters.

50. Put differently, LJ Ross's debt collection letters and other communications falsely represent "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, he is shielded from such liability by statute.

51. "Where the FDCPA requires clarity, ... ambiguity itself can prove a violation." *Manuel*, 956 F.3d at 832.

52. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

WHEREFORE, Plaintiff requests judgment in his favor, and against L J Ross for an award of:

a. Statutory damages of an amount not to exceed $1,000 dollars total, for all violations, under 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages under 15 U.S.C. § 1692k(a)(1);

c. Reasonable attorney's fees and costs of the action under 15 U.S.C. § 1692k(a)(3); and

d. Such other or further relief as the Court deems just proper.

## COUNT II – ALL DEFENDANTS
## TEXAS DEBT COLLECTION ACT
**Violation of Tex. Fin. Code Ann. §§ 392.304(a)(8) & 392.304(a)(19)**

53. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

54. Texas Workers' Compensation Law specifically shields all claimants from liability for expenses incurred because of an injury sustained in the course and scope of employment before such matters are finally adjudicated. *See* Tex. Lab. Code. Ann. § 413.042(a); Texas Workers' Compensation Rules, § 133.20 (k)-(l) ("A health care provider shall not submit a medical bill to an injured employee for all or part of the charge for any of the health care provided, except as an informational copy clearly indicated on the bill ... **The information copy shall not request payment.**") (emphasis added).

55. A debt collector may not use any fraudulent, deceptive, or misleading representation that "misrepresent[s] the character, extent, or amount of a consumer debt...." *See* Tex. Fin. Code § 392.304(a)(8).

15

56. A debt collector may not use "any other false representation or deceptive means to collect a debt...." *See* Tex. Fin. Code § 392.304(a)(19).

57. All Defendants mailed various collection letters or statements of account to Plaintiff to collect the Consumer Debt related to his Work-Injury. Those collection letters all falsely represented that Plaintiff is responsible for the repayment of the Consumer Debt related to his Work-Injury. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by MMHS and MHMG, as such medical services were rendered to Plaintiff because of the Work-Injury sustained by Plaintiff.

58. All Defendants, by and through their collection letters, falsely represented the character of the Consumer Debt, *in that*, the collection letters falsely represented the Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

59. Thus, by and through the collection letters, All Defendants are liable under §§ 392.304(a)(8) & 392.304(a)(19) of the Texas Finance Code by falsely representing the ***character*** of the Consumer Debt, as well as by falsely representing the ***amount*** of the Consumer Debt.

60. "A person may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." *See* Tex. Fin. Code §§ 392.403(a)(1)-(2). "A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs." *See* Tex. Fin. Code § 392.403(b).

61. WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against All Defendants, awarding the following relief:

   a. Injunctive relief to prevent or restrain any violations of the TDCA as provided by Tex. Fin. Code § 392.403(a)(1);

   b. Actual damages under Tex. Fin. Code § 392.403(a)(2);

   c. Reasonable attorney's fees, litigation expenses and costs of suit under Tex. Fin. Code § 392.403(b); and

   d. Such other or further relief as the Court deems just proper.

## JURY

62. Plaintiff requests a trial by jury pursuant to Fed. R. Civ. P. 38.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

63. Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data— pertaining to this litigation as required by law.

Dated: December 15, 2025

Respectfully submitted,

By: /s/ *Tod A. Lewis*
TOD ALLEN LEWIS
(Texas Bar #: 24091999)
**TOD LEWIS LAW, PLLC**
13267 Darwin Lane
Austin, Texas 78729-7495
(512) 739-0390 (Cell)
1-737-205-1291 (facsimile)
tod@texasfaircredit.com
**PLAINTIFF'S ATTORNEY**